UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZIONS FIRST NATIONAL BANK,<br>    Plaintiff,<br><br>vs.<br><br>BOYZ CAR WASH, INC., GUARDIAN<br>PROPERTY SERVICES, INC., HELEN K.<br>STUTTLE, THE UNITED STATES SMALL<br>BUSINESS ADMINISTRATION, and<br>INDIANA STATEWIDE CERTIFIED<br>DEVELOPMENT CORPORATION,<br>    Defendants.<br><br>UNITED STATES OF AMERICA<br>    Cross/counter Plaintiff,<br><br>vs.<br><br>ZIONS FIRST NATIONAL BANK,<br>    Counter-Defendant.<br><br>vs.<br><br>BOYZ CAR WASH, INC., GUARDIAN<br>PROPERTY SERVICES, INC.; HELEN<br>K. STUTTLE; and JOHN R. STUTTLE,<br>    Cross-Defendants. | 1:09-cv-331-LJM-JMS |

**AMENDED ORDER ON MOTIONS FOR SUMMARY JUDGMENT**

On December 30, 2009, the Court issued an Order on Motions for Summary Judgment in this foreclosure action before the Court. Dkt. No. 75. It has come to the attention of the Court that prior to issuing that Order, Defendant John R. Stuttle ("J. Stuttle") filed a notice of bankruptcy with the Court. Dkt. No. 73. The previously issued Order on Motions for Summary Judgement did not account for the notice of bankruptcy, which affects

an automatic stay on the proceedings against J. Stuttle. 11 U.S.C. § 362. To reflect this stay regarding J. Stuttle, the Court issues the following Amended Order on Motions for Summary Judgment regarding plaintiff's, the Zions First National Bank ("Zions"), Motion for Summary Judgment (Dkt. No. 22), and defendant's, the United States Small Business Administration ("SBA"), Motion for Summary Judgment (Dkt. No. 57).

### I. BACKGROUND

Defendants, Boyz Car Wash, Inc. ("Boyz"), Guardian Property Services, Inc. ("Guardian"), Helen K. Stuttle ("H. Stuttle"), J. Stuttle, and Indiana Statewide Certified Development Corporation ("Indiana Statewide"), failed to respond to Zions' and SBA's Motions for Summary Judgment. Furthermore, Zions and SBA do not object to each other's facts in their responses. *See* Dkt. Nos. 50, 60. Accordingly, the Court accepts as true the factual allegations in Zions' and SBA's Motions that are supported by the designated evidence. *See* S.D. Ind. L.R. 56.1.[1]

### A.  PROMISSORY NOTES PAYABLE TO ZIONS

Boyz executed two promissory notes payable to Old National Bank ("ONB"). The first note ("Zions Note 1"), dated November 18, 2003, is for $792,500.00 at an interest rate

---

[1] Local Rule 56.1 states: "For purposes of deciding the motion for summary judgment, the Court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts: are specifically controverted in the opposing party's "Statement of Material Facts in Dispute" by admissible evidence; are shown not to be supported by admissible evidence; or, alone, or in conjunction with other admissible evidence, allow reasonable inferences to be drawn in the opposing party's favor which preclude summary judgment. S.D. Ind. L.R. 56.1.

of 7.300%.  Compl. Ex. A at 1.  The second note ("Zions Note 2"), dated December 11, 2003, is for $257,500.00 at an interest rate of 6.950%.  Compl., Ex. E at 1.

Boyz secured Zions Note 1 and Zions Note 2 by executing and delivering to ONB a construction mortgage ("Zions Mortgage") on real property located on State Highway 37 in Noblesville, Hamilton County, Indiana, for up to $792,500.00.  Compl., Ex. B.  The Zions Mortgage included an embedded security agreement granting ONB a security interest in Boyz's inventory, accounts, chattel paper, equipment, fixtures, and general intangibles (the "Personal Property"), which ONB perfected by filing a fixture filing with the Recorder of Hamilton County, Indiana.  *Id.* at 5; Compl., Ex. D.  ONB also secured Zions Note 2 with a Commercial Security Agreement on the Personal Property.  Compl., Ex. F.  On November 19, 2003, ONB filed a Uniform Commercial Code Financing Statement with the Indiana Secretary of State to perfect its security interests in the real estate and Personal Property.  Compl., Ex. G.  Furthermore, J. Stuttle, H. Stuttle, and Guardian executed a Commercial Guaranty in favor of ONB.  Compl., Ex. J.

On June 28, 2007, ONB assigned Zions Note 1, Zions Note 2 and the Zions Mortgage to Zions.  Compl., Ex. A at 3, Ex. C, Ex. E at 3.  On August 1, 2007, Zions filed an amendment with the Indiana Secretary of State to show Zions as the secured party.  Compl., Ex. H.  On August 25, 2008, Zions filed a continuation statement.  Compl., Ex. I.

Zions claims in its Verified Complaint—which is attested to by Robert Oldroyd, the Vice President of Zions—that Boyz is in default under Zions Note 1 and Zions Note 2 for failure to pay monthly installments due and for failure to pay real estate taxes when due.  *See* Compl. at ¶¶ 1, 24, 32, 36, 46; Oldroyd Decl. ¶ 3.  Oldroyd further states by Supplement Declaration that, as of December 30, 2009, the principle balance due on Zions

Note 1 was $704,453.69, plus interest, late charges, an appraisal fee, an environmental report fee, and collection costs. Oldroyd Supp. Decl. ¶ 4. Interest continues to accrue on Zions Note 1 at $201.55 per day. Oldroyd Decl. at ¶ 4. As of December 30, 2009, the principle balance due on Zions Note 2 was $227,908.52, plus interest, late charges, and collection costs. Oldroyd Supp. Decl. ¶ 5. Interest continues to accrue on Zions Note 2 at the rate of $62.99 per day. Oldroyd Decl. at ¶ 5.

Attorney Martha R. Lehman ("Lehman") of the law firm Krieg DeVault ("DK"), who is the attorney of record representing Zions, attests by Declaration that, as of May 20, 2009, Zions accrued $17,925.50 in attorney's fees and costs in pursuing its claims against the defendants in this case. Dkt. No. 25 at ¶ 5. She also attests by Declaration that she reasonably anticipates DK will accrue an additional $5,000.00 in attorney time in taking this matter to judgment and sale, but these amounts had not yet accrued. *Id.* at ¶ 8. Lehman's Declaration provides no detail regarding how many hours were spent, how those hours were spent, and the hourly rate.

### B.  PROMISSORY NOTES PAYABLE TO SBA

Boyz executed two promissory notes payable to Indiana Statewide Certified Development Corporation ("Indiana Statewide"). The first note ("SBA Note 1"), dated March 15, 2005, is for $571,000.00. SBA Countercl., Ex. A; Dkt. No. 1 at ¶ 8. The second note ("SBA Note 2"), dated August 16, 2004, is for $187,000.00. SBA Countercl., Ex. K; SBA Mot. for Summ. J., Attach. 1 ("Gesell Aff.") at ¶ 17.

To secure the SBA Note 1, Boyz executed and delivered two mortgages to Indiana Statewide. Dkt. No. 76-2 ("Supp. Gesell Aff.") at ¶ 4. The first mortgage ("SBA Mortgage

4

1"), dated March 15, 2005, was recorded on March 22, 2005, in the Office of the Recorder of Hamilton County. *Id.*; SBA Countercl., Ex. C. The legal description of SBA Mortgage 1 is the same as the legal description of the Zions Mortgage. *Compare* Compl., Ex. B at 11–13 *with* SBA Countercl., Ex. C at 6–7. The second mortgage ("SBA Mortgage 2"), dated March 15, 2005, was recorded on March 30, 2005, and re-recorded on August 25, 2005, in the Office of the Recorder of Hamilton County. Gesell Supp. Aff. at ¶ 4; SBA Countercl., Ex. E. The legal description of SBA Mortgage 2 is different than the legal description of the Zions Mortgage. *Compare* Compl., Ex. B at 11–13 *with* SBA Countercl., Ex. E at 6. To further secure payment of SBA Note 1, Guardian, H. Stuttle, and J. Stuttle executed and delivered Unconditional Guarantees dated March 15, 2005 ("SBA Guarantees 1") to Indiana Statewide. SBA Countercl., Exs. H–J.

To secure SBA Note 2, on August 16, 2004, Boyz executed and delivered a Security Agreement ("SBA Security Agreement") to Indiana Statewide for all its Personal Property. SBA Countercl., Ex. M. On August 16, 2004, Indiana Statewide perfected its security in these assets by filing a UCC Financing Statement ("SBA Financing Statement") with the Indiana Secretary of State. To further secure SBA Note 2, Guardian, H. Stuttle, and J. Stuttle executed and delivered Unconditional Guarantees ("SBA Guarantees 2") to Indiana Statewide. *Id.* at Exs. O-Q.

On March 15, 2005, Indiana Statewide assigned the SBA Note 1, SBA Mortgage 1, SBA Mortgage 2, and the SBA Guarantees 1 to SBA. SBA Countercl., Exs. B, D, F, and G. Furthermore, on August 16, 2004, Indiana Statewide assigned the SBA Note 2, the SBA Security Agreement, SBA Guarantees 2, and the SBA Financing Statement to SBA. *Id.* at Exs. L, N.

5

According to a supplemental affidavit by G. Gail Gesell, the SBA District Director for the State of Indiana, Boyz is in default under SBA Note 1 and SBA Note 2 for failure to pay monthly installments due and for failure to pay real estate taxes when due. Gesell Supp. Aff. at ¶¶ 1, 8, 17. As of December 30, 2009, the principal balance due on SBA Note 1 was $509,617.45, plus accrued interest, late fees, servicing fees, and a prepayment premium. Gesell Supp. Aff. at ¶ 9. Interest continues to accrue on the principal balance at a rate of 5.18364% per annum. *Id.* As of December 30, 2009, the principal balance due on SBA Note 2 was $117,040.33, plus accrued interest, late fees, servicing fees, and a prepayment premium. *Id.* at ¶ 18. Interest continues to accrue at a rate of 4.32045% per annum. *Id.*

### C. THIRD PARTY LENDER AGREEMENTS

On February 14, 2005, and August 16, 2004, Indiana Statewide and ONB entered into Third Party Lender Agreements. *See* Dkt. No. 50, Exs. A, B. These agreements provide that ONB "subordinates any prepayment penalties, late fees, and increased default interest to the CDC/SBA lien." Dkt. No. 50, Ex. A at ¶ 5, Ex. B at ¶ 5. These agreements further provide that they "shall be binding on the successors and assigns of the parties." Dkt. No. 50, Ex. A at ¶ 6, Ex. B at ¶ 6.

## II. STANDARD

Summary judgment is not a disfavored procedural shortcut, but rather is an integral part of the federal rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *United Ass'n of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1267-68

(7th Cir. 1990).  Motions for summary judgment are governed by Federal Rule of Civil Procedure 56(c), which provides in relevant part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Once a party has made a properly-supported motion for summary judgment, the opposing party may not simply rest upon the pleadings but must instead submit evidentiary materials which "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 997 (7th Cir. 1996).  It is not the duty of the Court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which she relies.  *See Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996).  When the moving party has met the standard of Rule 56, summary judgment is mandatory.  *See Celotex*, 477 U.S. at 322-23; *Shields Enters., Inc. v. First Chi. Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992).

In evaluating a motion for summary judgment, the Court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party.  *See Estate of Cole*

*v. Fromm*, 94 F.3d 254, 257 (7th Cir. 1996). The mere existence of a factual dispute, by itself, is not sufficient to bar summary judgment. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. *See Anderson*, 477 U.S. at 248; *JPM Inc. v. John Deere Indus. Equip. Co.*, 94 F.3d 270, 273 (7th Cir. 1996). Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute. *See Clifton v. Schafer*, 969 F.2d 278, 281 (7th Cir. 1992). "If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party." *Ortiz v. John O. Butler Co.*, 94 F.3d 1121, 1124 (7th Cir. 1996).

### III. DISCUSSION

Zions and SBA are the only two parties weighing in on this matter, and they are in agreement as to the facts laid out above. Zions has presented sufficient evidence to support its Motion for Summary Judgment (Dkt. No. 22) as to Boys, Guardian, and H. Stuttle. *See* Dkt. Nos. 7, 24, 25. Zions' Motion for Summary Judgment is stayed as to J. Stuttle. *See* Dkt. No. 73. Likewise, SBA has presented sufficient evidence to support its Motion for Summary Judgment (Dkt. No. 57) as to Boys, Guardian, and H. Stuttle. *See* Dkt. Nos. 11, 50, 57. SBA's Motion for Summary Judgment is stayed as to J. Stuttle.

Zions is awarded damages against Boyz, Guardian, and H. Stuttle, jointly and severally, in the principal amount $704,453.69 for Zions Note 1, plus interest, late charges, an appraisal fee, an environmental report fee, and collection costs. Zions is awarded damages against Boyz, Guardian, and H. Stuttle, jointly and severally, in the principal amount of $227,908.52 for Zions Note 2, plus interest, late charges, an appraisal fee, an

environmental report fee, and collection costs. Zions is awarded damages against Boyz, Guardian, and H. Stuttle, jointly and severally, for attorney's fees; however, Zions must first submit a more specific affidavit in support of attorney's fees that includes the hourly rate or rates, descriptions of the work done (redacted, where necessary, for attorney/client privileged information), and the time spent.

SBA is awarded damages against Boyz, Guardian, and H. Stuttle, jointly and severally, in the principal amount of $509,617.45 for SBA Note 1, plus unpaid interest, reasonable costs of this action, and other accruing costs. SBA is awarded damages against Boyz, Guardian, and H. Stuttle, jointly and severally, in the principal amount of $117,040.33 for Note 2, plus unpaid interest, reasonable costs of this action, and other accruing costs.

Furthermore, Zions is entitled to foreclose on the Zions Mortgage. SBA is entitled to foreclose on the SBA Mortgage 1, the SBA Mortgage 2, and the SBA Security Agreement. As agreed to by SBA, the Zions Mortgage is entitled to priority over the SBA Mortgage 1, subject to Third Party Lender Agreements. As agreed to by SBA, Zions's security interest in the Personal Property as described in the Zions Mortgage has priority over SBA's security interest in the Personal Property as described in SBA's Security Agreement.

Accordingly, the Court **ORDERS** that judgment shall be entered in favor of Zions and SBA and against Boyz, Guardian, and H. Stuttle. The Court further **ORDERS** that, upon entering judgment, this case shall be administratively closed until the conclusion of the bankruptcy proceedings against J. Stuttle.

IT IS SO ORDERED this 25th day of February, 2010.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distributed to:

Deborah J. Caruso
DALE & EKE
dcaruso@daleeke.com

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Martha R. Lehman
KRIEG DEVAULT, LLP
mlehman@kdlegal.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov

Michael Lynn Parkinson
PARKINSON LAW FIRM
parkinson.ml@verizon.net